UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE  COMPANY and
GEICO CASUALTY COMPANY,                                    **ORDER**
                                                                             **13-CV-747 (WFK) (JMA)**
                            Plaintiffs,

           -against-

MED HELP SUPPLY, INC. and ELDAR
AKHMEDOV,

                            Defendants.
-------------------------------------------------------------------X

**AZRACK, United States Magistrate Judge:**

      The Court has considered the May 28, 2013 application by Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs") for an Order, pursuant to Federal Rule of Civil Procedure 4(e) and N.Y. C.P.L.R. § 308(5), directing an alternative form of service upon Defendant Eldar Akhmedov ("Akhmedov").  After considering the papers submitted in connection with the application, Plaintiffs' supplemental submissions dated July 10, 2013, August 20, 2013, and October 16, 2013, the other papers on file in this action, and the authorities cited by Plaintiffs, the Court finds as follows:

      Service upon Akhmedov pursuant to N.Y. C.P.L.R. §§ 308(1), (2), and (4) is impracticable.  Plaintiffs attempted to locate Akhmedov through the use of databases that have proven useful in locating defendants and attempted to serve Akhmedov at his last known addresses.  Akhmedov, however, apparently no longer resides at his last known addresses or is intentionally evading service of the Complaint.

Akhmedov is likely to receive actual notice of the claims asserted against him if the Plaintiffs serve Akhmedov at the law firms hired by Akhmedov to commence numerous lawsuits throughout the New York City Courts seeking collection of unpaid no-fault claims.

Akhmedov may have already received actual notice by the New York Secretary of State (the "Secretary of State") of the claims asserted against him in that Akhmedov designated the Secretary of State as an entity permitted to accept process on Med Help Supply, Inc.'s behalf and Akhmedov provided the Secretary of State with the addresses to forward any process that is served on Med Help Supply, Inc. pursuant to N.Y. Business Corporation Law § 306(b). Because Plaintiffs served process on Med Help Supply, Inc. (owned by Akhmedov) via the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306(b), it is likely that the Secretary of State forwarded such process to Med Help Supply, Inc. at the address Akhmedov provided to the Secretary of State. See ECF No. 4.

I therefore find that service of the Summons and Complaint in this action through the methods set forth below is reasonably calculated to give actual notice of this action to the Akhmedov and is more likely to do so than other methods of service, such as service by publication.

**THEREFORE, IT IS ORDERED** that, pursuant to Rule 4(e) and N.Y. C.P.L.R. § 308(5), Plaintiffs shall:

- (i) Mail a copy of the Summons and Complaint, together with a copy of this Order, to:
  - Ksenia G. Rudyuk, P.C. – 68408 20th Ave., Suite 103, Brooklyn, NY 11214;
  - Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC – 100 Garden City Plaza, Suite 500, Garden City, NY 11530;
  - Law Offices of Gabriel & Shapiro – 3361 Park Avenue, Suite 1000, Wantagh, NY 11793;

  (ii)  Mail a copy of the Summons and Complaint, together with a copy of this Order, to Akhmedov at P.O. Box 152 350-152, Brooklyn, NY 11235;

  (iii)  Mail a copy of the Summons and Complaint, together with a copy of this Order, to Akhmedov at 1600 Avenue T, Apt. 3J, Brooklyn, NY 11229 and affix those documents to the door at 1600 Avenue T, Apt. 3J, Brooklyn, NY 11229;

  (iv)  Mail a copy of the Summon and Complaint, together with a copy of this Order, to Akhmedov at 2814 Bragg Street, 2nd Floor, Brooklyn, New York 11235 (the address listed by Akhmedov with the Secretary of State for purposes of service of process upon Med Help Supply, Inc.);

  (v)  Mail a copy of the Summons and Complaint, together with a copy of this Order, to Akhmedov at 2201 Avenue X, Brooklyn, New York 11235 (Med Help Supply, Inc.'s last known business address) and affix those documents to the door at 2201 Avenue X, Brooklyn, New York 11235; and

  (vi)  File proof of service on ECF.

Although Plaintiffs did not explicitly request an extension of the time to serve Akhmedov, I find that Plaintiffs' papers establish good cause under Federal Rule of Civil Procedure 4(m) for such an extension. Plaintiffs shall effect service, as directed above, by December 9, 2013.

SO ORDERED:
Dated: November 8, 2013
Brooklyn, NY

                 _____/s/_____
                 JOAN M. AZRACK
                 United States Magistrate Judge